IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ISAAC SMITH,
    Plaintiff,

vs.                                   Case No. 3:07cv224/RV/EMT

MIKE WAYNE GILMORE,
    Defendant.
_____/

## **ORDER**

       This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (*see* Doc. 7 at 2). Initially, the court notes that Plaintiff's complaint was not filed on the proper form. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under 42 U.S.C. § 1983 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in § 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint. However, Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.

       In an effort to ensure efficiency, however, the court has briefly reviewed the substance of Plaintiff's complaint. From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendant. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff names as Defendant in this lawsuit Mike Wayne Gilmore, a Deputy Sheriff with the Escambia County Sheriff's Office (*see* Doc. 1 at 2). Plaintiff names Deputy Gilmore in both his individual and official capacity (*id.*). On January 27, 2006, Plaintiff alleges that he was illegally arrested by Deputy Gilmore after being stopped for a traffic infraction (*id.*). Specifically, Plaintiff claims that "[w]ithout issuing a ticket for [the traffic] violation or calling for back-up based on [P]laintiff's furtive [sic] movement [Deputy] Gilmore did violate Plaintiff's constitutional rights by arresting him without probable cause in violation of his Fourth Amendment rights; [and] did present false and misleading statements to a judicial officer to further violate his Fourth Amendment rights in stating that Plaintiff posses[ed] a gun and cocaine . . . , knowing such statements to be false" (*id.*). Plaintiff also alleges that Deputy Gilmore struck Plaintiff "with his flashlight before and after Plaintiff was secured by handcuffs in violation of Plaintiff's Eight[h] Amendment rights" (*id.*). Further, Plaintiff alleges that Deputy Gilmore's actions, both in arresting him without probable cause and in striking him with a flashlight, "were done maliciously" (*id.* at 3). Finally, Plaintiff also alleges that Deputy Gilmore committed the torts of assault, battery, and false arrest under state law (*see id.* at 1). For relief, Plaintiff seeks a declaration that Deputy Gilmore arrested him without probable cause in violation of the Fourth Amendment, made false and misleading statements to a judicial officer, and violated Plaintiff's Eighth Amendment rights by striking him with a flashlight after he was handcuffed (*see id.* at 3). Plaintiff also seeks compensatory damages in the amount of $100,000.00 and any other such relief the court deems proper (*see id.* at 4).

Plaintiff is first advised that his claim of excessive force should be amended. In the instant complaint, Plaintiff claims that Deputy Gilmore used excessive force during his arrest in violation of his rights under the Eighth Amendment (*see* Doc. 1 at 2–3). Where, as here however, the excessive force claim arises in the context of an arrest, "it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989) (quoting U.S. CONST. amend. IV and citing Tennessee v. Garner, 471 U.S. 1, 7–22, 105 S. Ct. 1694, 1699–1707, 85 L. Ed. 2d 1 (1985)). Thus, Plaintiff's claim of excessive force during his arrest is properly brought under the Fourth Amendment, and he should delete his excessive force claim brought under the Eighth Amendment.

Moreover, Plaintiff alleges that Deputy Gilmore violated his Fourth Amendment rights by arresting him without probable cause and by providing a false statement of fact to a judicial officer. Plaintiff's has correctly brought this claim under the Fourth Amendment. Plaintiff is advised, though, that the elements of a claim for false arrest are a warrantless, malicious arrest or deprivation of liberty without probable cause. Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); Von Stein v. Brescher, 904 F.2d 572 (11th Cir. 1990). A claim of false arrest, however, is barred by the existence of probable cause, Marx v. Gumbinner, 905 F.2d 1503 (11th Cir. 1990), or by the subsequent conviction of the accused, Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986); *see also* King v. Goldsmith, 897 F.2d 885, 886 (7th Cir. 1990); Malady v. Crunk, 902 F.2d 10,11 (8th Cir. 1990); Epstein v. Toys-R-Us Del., Inc., 277 F. Supp. 2d 1266, 1274 (S.D. Fla. 2003) (finding that conviction of the accused "is conclusive evidence of the existence of probable cause for the arrest").

A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The existence of probable cause to arrest is based on objective standards. Von Stein, 904 F.2d at 578 (citations omitted). Thus, the level of proof needed to make a probable cause determination is conspicuously less than that which is needed to obtain a conviction, and the fact that a criminal defendant is later acquitted or released does not by itself mean that probable cause was initially lacking. Marx, 905 F.2d at 1507; Von Stein, 904 F.2d at 578 n.9.

As to Plaintiff's claim of excessive force, Plaintiff is advised that "The Fourth Amendment encompasses the right to be free from the use of excessive force during an arrest." Crosby v. Monroe County, 394 F.3d 1328, 1333 (11th Cir. 2004). When a plaintiff alleges excessive force by an officer in the course of executing an arrest, he must show that the officer's conduct was objectively "unreasonable." Graham, 490 U.S. at 395–97. Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action given the facts and circumstances confronting him. *Id.* at 397; Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) ("The question is whether the officer's conduct is objectively

reasonable in light of the facts confronting the officer."). The Supreme Court has recognized that the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. Consequently, in determining whether an officer's use of force was objectively reasonable, thereby entitling the officer to qualified immunity, the court must consider several factors including: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." Slicker v. Jackson, 215 F.3d 1225, 1232–33 (11th Cir. 2000) (quoting Moore v. Gwinnett County, 967 F.2d 1495, 1498 (11th Cir. 1992) (quoting Leslie v. Ingram, 786 F.2d 1533, 1536 (11th Cir.1986))). A court should also consider "(1) the underlying crime's severity; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists arrest or attempts to flee." Lafavors v. Jenne, 2006 WL 249544, at *1 (11th Cir. Feb. 2, 2006) (citing Graham, 490 U.S. at 396). Moreover, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97. In short, the Fourth Amendment prohibits force that is objectively unreasonable, both in the decision to implement the force and in the degree of force. Graham, 490 U.S. at 394; Cottrell v. Caldwell, 85 F.3d 1480, 1492 (11th Cir. 1996); *see also* Crosby v. Monroe County, 394 F.3d 1328, 1333 (11th Cir. 2004) (noting that courts must not "view the matter as judges from the comfort and safety of our chambers . . . [but rather] must see the situation through the eyes of the officer on the scene who is hampered by incomplete information and forced to make a split-second decision between action and inaction . . ."). In light of all of these considerations, the assessment of a police officer's use of force is a highly factual inquiry.

In this case, the court initially notes that Plaintiff does not state whether criminal charges were filed against him, nor has he stated the outcome of those charges. The website of the Escambia County Clerk indicates that two criminal charges, possession of ammunition or a firearm by a convicted felon and resisting an officer with violence, brought against Plaintiff on the basis of a

January 27, 2006 incident were nolle prosed by the state attorney.[1] Thus, it does not appear that Plaintiff was convicted of these particular crimes following his arrest.[2] However, on the facts alleged, this court cannot determine whether Plaintiff has stated a Fourth Amendment claim for false arrest, as the mere fact that charges were dropped does not end the inquiry, or a claim for excessive force. If Plaintiff wishes to pursue such claims, Plaintiff should include facts in his amended complaint demonstrating what he was arrested for, whether he was subsequently charged with a crime in connection with his arrest, and whether he was convicted of any charge related to his arrest. If the facts and circumstances within the officer's knowledge would cause a prudent person to believe that Plaintiff had committed, was committing, or was about to commit an offense, or if Plaintiff was subsequently convicted of an offense related to his arrest, Plaintiff cannot state a claim that Deputy Gilmore violated the Fourth Amendment by arresting him. Furthermore, if the arresting officer's use of force was objectively reasonable under the totality of the circumstances, Plaintiff cannot prevail on his excessive force claim. For example, Plaintiff indicated that his furtive or surreptitious movements caused Deputy Gilmore to arrest him during a routine traffic stop (*see* Doc. 1 at 2). The court also notes that Plaintiff was charged with resisting an officer with violence.[3] If Plaintiff was attempting to flee or resist arrest, or posed an immediate danger to Deputy Gilmore, who was apparently alone at the scene, Deputy Gilmore may have been acting reasonably under the circumstances. Thus, Plaintiff must provide the court with a detailed factual account of his arrest so that a proper inquiry can be made into whether Plaintiff has stated a claim under the Fourth

---

[1] *See* http://www.clerk.co.escambia.fl.us/public_records_accept.html, search court records by name for "Smith, Isaac" and select case number 2006 CF 000553 A.

[2] Plaintiff should be aware of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), where the Supreme Court stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. "There is no question that Heck bars [a plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him" if a defendant has been convicted of the charges for which he was arrested. Smithart v. Towery, 79 F. 3d 951, 952 (9th Cir. 1996).

[3] *See* http://www.clerk.co.escambia.fl.us/public_records_accept.html, search court records by name for "Smith, Isaac" and select case number 2006 CF 000553 A.

Case No. 3:07cv224/RV/EMT

Amendment.  *See* 28 U.S.C. § 1915A (explaining the court's statutory duty to screen Plaintiff's complaint).

Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  Additionally, as instructed in this order, <u>Plaintiff shall clarify the status of any state criminal charges initiated against him as a result of his arrest on or about January 27, 2006; Plaintiff shall also describe in detail the events related to his arrest</u>.  In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly it is **ORDERED**:

1. The clerk of court shall to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Amended Complaint."

3. Failure to submit an amended complaint as instructed may result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 2<u>nd</u> day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**